# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

SHANNON McNATT                                                          PLAINTIFFS

VS.                                    CIVIL NO. 1:03CV68-M-D

AON SELECT, INC., et al                                       DEFENDANTS

## ORDER

This cause comes before the Court on the plaintiff's motion [288-1] to strike the defendants' designation of new expert witnesses. The Court has reviewed the briefs and exhibits and has heard oral arguments from the parties. This case has already been tried once and ended in a mistrial. The plaintiff, Shannon McNatt, seeks to exclude two expert witnesses who were not called at the previous trial: Tim Terry and Rica Lewis-Payton. The Court will consider each witness in turn.

Mr. Terry is expected to testify on the subject of whether the defendants' actions were reasonable and in conformity with industry standards. McNatt argues that Terry should be excluded because his proposed testimony is outside the scope of discovery permitted by the Court in its November 14, 2005 order allowing additional discovery in this case. The Court disagrees with this assessment and considers Terry's proposed testimony to be sufficiently within the scope of the Court's prior order to justify allowing his testimony at trial. McNatt further argues that Terry's testimony should be excluded because it is cumulative with that of the defendants' other expert, a Mr. Harker. The purpose of a jury trial is to facilitate the quest for truth, and as such, the Court customarily grants parties to litigation wide latitude in presenting admissible and probative evidence. The Court is not persuaded that Terry's proposed testimony is so cumulative with Harkers' that it would prejudice the plaintiff. Accordingly, the motion to strike Terry is DENIED.

Ms. Lewis-Payton is expected to testify "that the plaintiffs suffered no disparate treatment as medicaid recipients in regard to the medical attention received for the subject pregnancy and childbirth." In her motion, McNatt initially argued that Lewis-Payton's testimony should be excluded under Daubert grounds. However, at oral arguments, McNatt conceded Lewis-Payton's qualifications. McNatt further argues that Lewis-Payton's testimony is irrelevant, as she can only testify to the industry standard for providing Medicaid treatment but has no knowledge regarding the quality of Medicaid treatment that was provided to the plaintiff in this case. The defendants argue that Lewis-Payton's testimony is relevant to rebut testimony by McNatt (and over defense objections) during the first trial regarding her "feelings" about needing Medicaid to pay for her medical treatment due to the defendants' failure to properly provide her with coverage.

During the first trial, the defendants made compelling arguments that such testimony should have been excluded under Rule 403 because it was irrelevant and because its probative value was exceeded by its prejudicial effect. Finding the issue a close one, the Court allowed the testimony into evidence. Upon reflection, however, the Court is now of the opinion that the defendants were correct and that McNatt's testimony regarding her adverse feelings about requiring Medicaid should have been excluded. Such testimony has no relevance on the issue of liability, and its probative value as to damages is outweighed by its likely prejudicial effect on the jury. Accordingly, the Court hereby orders in limine that such testimony is to be excluded in the second trial. As such, there is no longer any need for Lewis-Payton's expert testimony in that area and that part of the motion is DENIED as moot.

Based on the foregoing analysis, it is hereby ORDERED that the plaintiff's motion [288-1] to strike the defendants' designation of new expert witnesses is DENIED.

This is the 22nd day of June, 2006.

                                                  **/s/ Michael P. Mills**
                                            **UNITED STATES DISTRICT JUDGE**